Moncrief, J.
—Upon the trial of the issues in this action, (before Mr. Justice Woodruff and a jury,) it distinctly appeared by the testimony of the defendant (uncontradicted by the plaintiff, who supposed the fact to be so) that the note in suit was indorsed by him merely for the accommodation of James Jones & Co., and without any consideration.
It was also in evidence (by the testimony of the plaintiff himself) that James Jones authorized him to get the $1,500 note from McMillen, who held it merely for negotiation; that the plaintiff saw McMillen, and told him Mr. Jones had requested the plaintiff to get the note, that McMillen gave the note to him, saying he supposed it was all right, that he had been trying to negotiate it to take up this (plaintiff’s) loan; and that he kept the note until about a month before it became due, at which time James Jones told him to negotiate it; “ wanted me to negotiate it and take my pay out, of that” ; the plaintiff replying “ he did not know that he could negotiate it, wanted his money, &c.;” that the plaintiff did negotiate the note with Royal Houghton a month or six weeks before it became due; that the plaintiff, a few days before the note became due, told James Jones he had negotiated the note, (in reply to a demand that the note should be returned to him, Jones;) that Jones came again the day before the note became due and demanded *409 it again; and the plaintiff says: “I told him he need not come to me, I had nothing to do with it;” and again, said the plaintiff: “Mr. Jones, you make yourself perfectly ridiculous, about this, you know, you authorized me to negotiate the note.” Jones said: “you can’t prove that;” the plaintiff saying: “I presume you won’t deny it;” Jones replied; “I won’t admit any thing.”
It also was in evidence that the plaintiff when a witness in the case of Houghton v. Jones, (6th and 7th March, 1847,) testified that: “ in receiving the money from Houghton on the §1,500 note, it left some §300 or $400 over what was due to him, (plaintiff,) that he had not paid over that balance; he had not been asked for it; he had always stood ready to pay the balance, and to give up the note for $1,563, (the mote in' the present action;) they had never been called for; that he was abundantly able to respond for that note (1,563), and the balance of the money.
And again, that Houghton did not ask the plaintiff to indorse the $1,500 note ; supposed Houghton knew defendant was rich, and did not ask plaintiff if he was a holder for value or any thing about the consideration of the note, and did not ask him to indorse it, and that the plaintiff did not intend, if it turned out that he had no right to sell the note, to pay Mr. Houghton the money again, or any part of it.”
It also appears that the judge’s charge to the jury in the case of Houghton v. Jones, in the court of Common Pleas, was as follows:
“ That if the note was obtained by Burrall by fraud, or if he had no authority to receive it, Houghton could not recover, unless he had proved that he was a bona fide holder without notice of matter of defense, Jones having proved that he was an accommodation indorser. Again, that if Mr. Burrall had loaned to James Jones & Co., the $6,000 on the four notes, and that loan was paid with lawful interest in the payment of three of the four notes, Houghton could not recover unless he proved himself a bona fide holder, Jones having proved himself an accommodation indorser. He also charged “ that if Mr. Burrall made the original *410 loan of $6,000 on an usurious contract, plaintiff (Houghton) could not recover at all, or if Burrall had made an usurious loan of'the $2,000, Houghton could not recover.”
And under such charge the jury found a verdict in favor of the defendant, and judgment was entered for costs against the plaintiff Houghton.
The evidence was entirely undisputed; in fact almost wholly given by the plaintiff himself, and fully and completely disposed of every issue raised by the pleadings. There was no question to be submitted to the jury.
The decision of the court, or verdict in the action of the court of Common Pleas, has no force or -effect in determining this action:
First, Because the issue in respect thereto to be tried was, “whether or not said verdict wds rendered upon the sole ground that the $1,500 note had been transferred without authority, and was not a valid and subsisting security in his hands;” and it distinctly and without contradiction, appeared that the verdict of. the jury under the charge from the court may have proceeded from a view:
1. That Mr. Burrall had loaned to James Jones & Co.,. the $6,000 on the four notes, and that loan was paid with lawful interest in the payment of three of the four notes; or
2. ' That Mr. Burrall made the original loan of $6,000 on an usurious contract; or
3. That Mr. Burrall had made an usurious loan of the $2,000; and
Second, If the plaintiff claims that the suit in the court of Common Pleas, was defeated -on the ground that the original transaction (which includes the note in this action) was usurious, and claims the benefit of the judgment rendered therein, then it must follow that the fact is' assumed to be as by that judgment he says it was decided, and if so, then usury is established in this action as set up in the answer of the defendant.
The objection to the admission of evidence showing that the note in question was an accommodation note, is deafly untenable, and no point was made upon it at the argument.
*411 The question, “after the verdict in the case of Houghton v. Jones, were you (plaintiff) called upon to pay the note V’ was immaterial; it Was of no consequence unless he was liable to pay it when called upon, or actually did pay the amount.
The other question, “ after the verdict in the case of Houghton v. Jones, did you pay to Mr. Houghton the amount of the $1,500 note ? although at first ruled out, was permitted to be answered subsequently, and the exception to the ruling therefore is not well taken.
Finding no error in any ruling or decision of the court below, the judgment and order denying the motion for a new trial must be affirmed.
Woodruff J., concurred.
Robertson, J.
—Besides the defenses of usury and want of of notice of non-payment of the note sued upon, the answer sets up its payment by the makers, (James Jones & Co.)
Such defense of payment consists of the application, by the plaintiff of the proceeds of the sale of a note by him, to the satisfaction of the amount due on the note in suit; the answer avers that the note so sold was obtained by the plaintiff from the makers of the note in suit, or some one who held it for them, and that both notes were indorsed by the defendant merely for the accommodation of the makers, and that the proceeds of the note sold belonged to them. The sale of such note was admitted, in the reply, to have been made to one Houghton, but is therein averred to have been accompanied by a representation by the plaintiff, at the time of such sale, that such note was a valid and subsisting security. The uncontradicted evidence of the defendant, and established admissions of the plaintiff, prove the truth of the residue of the answer.
The reply, however, alleges as a further answer to the defense of payment, that the plaintiff repaid to Houghton the amount of the note sold to him, and received such note back from him in consequence of a verdict and judgment *412 obtained by the present defendant against Houghton, in an action brought by the latter against the former upon such note. It further alleges that such action was brought in 1 the New York Common Pleas, and the defendant insisted on the trial of the issues therein, that the present plaintiff had no authority to transfer such note to Houghton, and that it was not a valid security in his hands, and gave evidence in support of such defense; that the questions of such authority and validity were alone submitted to the jury upon such trial, who thereupon rendered a verdict solely for want of such authority and such invalidity. The pleadings, or the nature of the issues made thereby in such action, are not stated in the reply, nor does it aver as a substantive fact that such note was sold without authority or was invalid.
The sole question raised by the reply is, whether a successful defense, by the present defendant in the action brought against him by Houghton, upon the grounds alleged, is an answer to the defense of a sale of the note in controversy, and application of the proceeds thereof. The mere payment of the money by the plaintiff to Houghton, not being a necessary or legal consequence of the verdict in that action, was voluntary and immaterial, unless there was a legal obligation to refund, to sustain which, there is no averment of any fact in the reply, except the action, trial and verdict in the Common Pleas. Even if the plaintiff became bound to refund the money due on such note in consequence of his alleged representation of its validity, and he was justified by his agency to sell in making such representation, or if he became a.warrantor of the title by, selling without disclosing the name of his principal, the truth of the representation in one case, and the fact of the concealment in the other, must necessarily have become the subject-of an issue. The admissions of the plaintiff on the trial, in fact, disprove any such representation at all. The result of the action in the Common Pleas, and the proceedings therein, are not claimed in the reply as an estoppel at all, and under such circumstances, by the rules *413 of pleading established before the Code, the plaintiff would have had no right to have availed himself of them as such ; pleaded simply as facts, they were immaterial, as the plaintiff had a perfect right to open the estoppel. The reply is also imperfect, in not furnishing all the materials for determining what was adjudicated in such action, as the pleadings, the most essential part, are wanting.
Assuming, however, the estoppel to be properly claimed, and all the facts necessary to support it detailed, they would not create one in favor of the plaintiff against the defendant. Even Houghton could not have employed the verdict in the action in the Common Pleas against the present plaintiff, Maupin v. Compton, (8 Bibb. 214 ;) the latter was neither party nor privy to such action; whether he could have been made so by notice of it or otherwise, is immaterial, it appears that he was not; as the judgment in question could not bind the plaintiff as an estoppel, it clearly would not the defendant. (Jackson v. Vedder, 3 J. R. 8 ; Case v. Reeve, 14 J. R. 79.) Besides this, the reply does not truly set forth the nature of the controversy in the Common Pleas. The question of usury was also submitted to. the jury, besides those stated in such reply, and it is impossible to determine on which issue the verdict proceeded; if it were upon the ground of usury, the first branch of the defendant’s defense in this case- would be made out.
I therefore concur in the decision of the court affirming the judgment.